# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:** _____

PLANET MANAGEMENT GROUP LLC   )
    Plaintiff,   )
       )
Vs.   )
       )
NICHOLUS ANDREWS &   )
NONCE KEY LLC, *et. al.*   )
    Defendant.   )

**NOTICE OF REMOVAL**
*(Diversity – 28 U.S.C. 1332)*

> FILED BY_____ D.C.
>
> APR 0 7 2026
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - FT. LAUD.

## NOTICE OF REMOVAL

Removed from:
11ᵗʰ Judicial Circuit Court, in and for Miami-Dade County, Florida
Case No. 2025-012973-CA-01

TO: Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** NICHOLUS ANDREWS ("Defendant" or "ANDREWS") hereby removes to this Court the state proceeding described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d). A copy of this Notice of Removal is being served on all parties at the addresses listed in Plaintiff's state court motion and is being filed and served in the 11ᵗʰ Judicial Circuit Court, in and for Miami-Dade County, Florida (the "state court").

### INTRODUCTION

1. On or about July 8, 2025, Plaintiff PLANET MANAGEMENT GROUP LLC ("Plaintiff" or "PMG") filed a Verified Mortgage Foreclosure Complaint in the state court. A copy of PMG's July 8, 2025 state court complaint is attached hereto as Exhibit A.

2. On January 16, 2026, PMG filed a Motion for Summary Final Judgment or Foreclosure and for Attorney's Fees and Costs (the "MSJ") in the state court and schedule the MSJ for

an April 8, 2026 hearing on its motion. Copies of PMG's January 16, 2026 state court motion for summary judgment and its March 25, 2026 notice of an April 8, 2026 hearing, are attached hereto as Exhibits B and C, respectively.

3. Because, among other reasons, PMG refused to assist the Defendant with loss mitigation options to avoid a foreclosure judgment of the residential home subject to PMG's state court MSJ, Defendant ANDREWS hereby removes PMG's January 16, 2026 state court motion to this Court.

4. The State court controversy concerns a mortgage foreclosure complaint in which PMG is alleging ANDREWS "owes" it [plaintiff] $280,700.00...." See ¶ 8 of PMG's state court complaint attached hereto as Exhibit A.

**BASIS FOR REMOVAL**

*Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).*

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Exhibit A, ¶ 8. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

*There is Complete Diversity of Citizenship Among the Parties.*

6. Plaintiff PMG is a citizen of the State of New York.

7. Defendant, ANDREWS is a citizen of Florida.

8. Hence, there is complete diversity between the Plaintiff and the Defendant in this case, and therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

*The Amount in Controversy Requirement is Satisfied.*

9. To determine the amount in controversy, courts look first at the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." It is well settled that there is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold."

10. Here, the amount in controversy meets the jurisdictional requirements, as Plaintiff is seeking to foreclose on ANDREWS's property and is seeking to recover at least $280,700.00 in principle, interest, and fees. See Exhibit A, ¶ 8. Thus, it is apparent from the face of the State court Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

## Argument

11. Summary judgment is improper where a defendant has raised affirmative defenses that create genuine issues of material fact. *Vital v. Summertree Village*, 343 So. 3d 1260 (Fla. 3d DCA 2022). Plaintiff's motion fails to carry its burden under Rule 1.510 because it does not refute the well-pled defenses and counterclaims asserted in Defendant's Amended Answer.

12. Plaintiff's entire foreclosure action is predicated upon a mortgage instrument that is void and unenforceable due to a fatally defective notarial certificate. Florida Statutes § 117.05(12)-(13) sets forth specific, mandatory requirements for a valid notarial act. The certificate attached to the Mortgage fails on nearly every count:

    a. <u>Missing Venue</u>: The county is not listed.
    b. <u>Missing Type of Act</u>: It does not state whether the act was an acknowledgment or a jurat.
    c. <u>Missing Appearance Method</u>: It does not state if the signer appeared in person or online.

    d. <u>Missing Date</u>: The exact date of the notarization is absent.
    e. <u>Missing Signer's Name</u>: Nicholas Andrews' name does not appear in the certificate.
    f. <u>Missing Identification Method</u>: It fails to state how the signer was identified.
    g. <u>Misspelled State</u>: The state is incorrectly spelled as "FLORICA."

13. Because the notarization is a nullity, the mortgage was not entitled to be recorded and is unenforceable. This fundamental defect in Plaintiff's core evidence creates a genuine issue of material fact that cannot be resolved on summary judgment.

## FAILURE TO PROVIDE STATUTORY 30-DAY NOTICE TO CURE DEFAULT

14. As a condition precedent to acceleration and foreclosure, a mortgagee must provide the mortgagor with at least thirty (30) days' written notice of default and an opportunity to cure. Plaintiff's "Notice of Default" dated January 2, 2025, demanded payment in full by January 13, 2025—a mere eleven (11) days later. The notice also failed to properly advise Defendant of his right to reinstate within 30 days or his right to dispute the default.

15. This failure is a material breach that renders the subsequent acceleration and foreclosure action improper. See *Kurian v. Wells Fargo Bank, N.A.*, 114 So. 3d 1052 (Fla. 4th DCA 2013) (reversing summary judgment where the default letter failed to provide a 30-day cure period). The failure to provide proper notice is not a mere technicality; as pled in the Amended Answer, Defendant was willing, able, and prepared to cure the alleged default and was prejudiced by the deficient notice. Whether Plaintiff complied with this crucial condition precedent is a disputed issue of material fact.

## THIRD AFFIRMATIVE DEFENSE – IMPROPER SERVICE OF PROCESS

16. The court lacks personal jurisdiction over the corporate defendant and record title holder, NONCE KEY LLC. Service of process must be effected upon a registered agent or authorized member in compliance with Fla. R. Civ. P. 1.070 and Fla. Stat. § 48.062. Service on Nicholus Andrews in his individual capacity is insufficient to confer jurisdiction over the separate legal entity of the LLC. Without valid service on the property owner, any resulting judgment of

foreclosure may be void. This constitutes a genuine issue of material fact regarding the court's jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE – LACK OF STANDING

17. Plaintiff has failed to meet its burden of proving it had standing to foreclose at the inception of this case. Standing must be established as of the date the complaint is filed. McLean v. JP Morgan Chase Bank N.A., 79 So. 3d 170 (Fla. 4th DCA 2012). Here, Plaintiff filed its complaint on July 8, 2025, yet failed to produce the original note until March 24, 2026. This eight-month delay creates a genuine factual dispute as to whether Plaintiff actually possessed the note when it filed suit. Furthermore, the allonge, endorsed in blank but "Without Recourse," raises ambiguity as to the true party in interest. Discovery into the chain of custody and the meaning of this endorsement is necessary to resolve this material issue of fact.

## FIFTH AFFIRMATIVE DEFENSE – UNLICENSED MORTGAGE LENDING (FLA. STAT. § 494.0025)

18. Plaintiff originated and is attempting to enforce a mortgage loan while not being licensed as a mortgage lender in Florida, a direct violation of Chapter 494, Florida Statutes. The named Plaintiff, Planet Management Group, LLC, is a separate Delaware LLC and the "asset management subsidiary" of the licensed entity, Planet Home Lending, LLC. A parent/subsidiary relationship does not confer the license of one entity upon the other. By originating a loan without the requisite license, Plaintiff has violated Florida law and comes to this Court with "unclean hands," barring it from the equitable relief of foreclosure. Whether Plaintiff was properly licensed at the time of origination is a dispositive issue of material fact.

## COUNTERCLAIMS THAT PRECLUDE SUMMARY JUDGMENT

19. Defendant's Amended Answer also asserts three counterclaims that arise from the same transaction and occurrence as Plaintiff's complaint, further precluding summary judgment.

20. <u>COUNT I</u> – VIOLATION OF FLORIDA STATUTE CHAPTER 494: This counterclaim seeks damages for Plaintiff's unlicensed mortgage lending activity, which caused damages including improper fees and a cloud on title.

21. <u>COUNT II</u> – DECLARATORY RELIEF (DEFECTIVE MORTGAGE): This count seeks a judicial declaration that the mortgage is null and void due to the defective notary certificate under Fla. Stat. § 117.05.

22. <u>COUNT III</u> – FCCPA VIOLATION (FLA. STAT. § 559.72(9)): This count seeks damages for Plaintiff's attempt to enforce a debt it knew was not legitimate by sending a defective default notice and prematurely accelerating the loan.

23. The viability of these counterclaims is intertwined with the affirmative defenses and must be resolved through discovery and trial, not summary judgment.

**WHEREFORE**, Defendant ANDREWS respectfully gives notice that the above-captioned civil action pending in the 11th Judicial Circuit Court, in and for Miami-Dade County, Florida is hereby removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by U.S. Mail to Plaintiff's attorney Eric S. Matthew, Esq at 819 SW Federal Hwy, Suite 301, Stuart, FL 34994 on this 7th day of April, 2026.

Respectfully submitted,

Nicholus Andrews
4233 W. Hillsboro Boulevard, # 970092
Coconut Creek, FL 33097