## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

**PLANET MANAGEMENT GROUP, LLC**

    **Plaintiff,**

**vs.**

**NICHOLUS ANDREWS; NONCE KEY LLC; et al.**

    **Defendants.**

**CASE NO. 1:26-CV-22404-LFL**

## PLAINTIFF PLANET MANAGEMENT GROUP, LLC'S MOTION TO REMAND TO STATE COURT AND INCORPORATED MEMORANDUM OF LAW

Last July, Planet Management Group, LLC (**PMG**) sued borrower Nonce Key LLC (**Nonce Key**) and guarantor Nicholus Andrews to foreclose an unpaid business loan. After litigating for almost six months, on the eve of the hearing on PMG's motion for summary final judgment, Mr. Andrews removed to federal court to delay the state court foreclosure proceedings.

Removal is defective because (**1**) it is untimely, (**2**) Mr. Andrews is a Florida citizen, (**3**) Mr. Andrews waived the right to remove (*i.e.*, he litigated in the state court case), and (**4**) Mr. Andrews' co-defendants did not consent to removal.

PMG respectfully requests that this Court remand the case to the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida. Mr. Andrews had no objectively reasonable basis for removal. PMG is entitled to fees and costs under 28 U.S.C. § 1447(c).

1

## I.   BACKGROUND

### A.   The state court foreclosure.

PMG sued Nonce Key, Mr. Andrews, and other defendants to foreclose an unpaid mortgage loan.  Mr. Andrews defended the case and opposed PMG's summary judgment motion.  On the eve of the summary judgment hearing, he filed notice of removal. Mr. Andrews failed to comply with 28 U.S.C. § 1446(a)'s requirement to attach state court filings.

PMG attaches the following key filings from the state court case: the online progress docket (**Ex. A**); the complaint with its exhibits, including the note, mortgage, guaranty, allonge, and default notice (**Ex. B**); the returns of service and defaults (**Ex. C**); Mr. Andrews' answer and affirmative defenses (**Ex. D**); Mr. Andrews' amended answer, affirmative defenses, and counterclaim (**Ex. E**); Mr. Andrews' motion for leave to modify scheduling order and propound discovery (and order denying same) (**Ex. F**); Mr. Andrews' response to PMG's summary judgment motion (**Ex. G**).[1]

### B.   Notice of removal.

PMG's summary judgment motion was set for hearing on April 8. (Ex. A.) Mr. Andrews filed notice of removal on April 7.  (ECF No. 1.)  Removal is based on diversity jurisdiction under 28 U.S.C. § 1332.  (*Id.* at 1-2.)  Mr. Andrews concedes he is "a citizen of Florida." (*Id.* at 2.)  There is no evidence of consent to removal by the other defendants. (*Id. passim.*)

---

[1] PMG appreciates that the failure to attach requisite state-court filings is a procedural, not jurisdictional defect. *Cook v. Randolph County*, 573 F.3d 1143, 1150 (11th Cir. 2009). To the extent necessary, PMG requests that the Court take judicial notice of the attached state-court records and the Miami-Dade County Circuit Court's online docket. Fed. R. Evid. 201; *TCM Finance, LLC v. Conategi, LLC*, No. 21-cv-20640, 2021 WL 925516, at *3 n.1 (S.D. Fla. Mar. 10, 2021) (taking judicial notice of the Miami-Dade County Circuit Court's online docket and certain documents therein).

## II.    ARGUMENT

A defendant may remove a civil action from state court to federal court only if the federal court would have had original jurisdiction over the action at the time of filing.  28 U.S.C. § 1441(a).  The removing party bears the burden of establishing federal subject matter jurisdiction.  *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Removal statutes are strictly construed and all doubts about jurisdiction are resolved in favor of remand.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

As discussed below, remand is proper because (**A**) removal is untimely; (**B**) Mr. Andrews is a Florida citizen; (**C**) Mr. Andrews waived the right to remove; and (**D**) there is no evidence co-defendants consented. Section (**E**) addresses the propriety of a fee award.

### A.    Notice of removal is untimely.

Mr. Andrews was served October 8, 2025.  (Ex. C.)  He had thirty days to remove.  28 U.S.C. § 1446(b)(1).  The 30-day deadline is mandatory and "may not be extended by the court." *Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993).  The deadline expired on November 7, 2025.  The notice of removal was not filed until April 7, 2026, more than five months after the deadline.  Section 1446(b)'s deadline serves an important purpose: without prompt removal, "a defendant could wait and see how it fared in the state court proceedings before deciding whether to remove." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010). In *Liebig,* the defendant filed his notice of removal eight days late, and the court remanded.  814 F. Supp. at 1076-77.

**B.      Mr. Andrews cannot remove as a Florida citizen.**

Removal was based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1 at 1-2.)  Section 1441(b)(2) prohibits removal of a diversity action "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *see, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001).

Mr. Andrews concedes he "is a citizen of Florida."  (ECF No. 1 at ¶ 7.)[2]  Remand is appropriate and fees are warranted.  *Bentley v. Miami Air International, Inc.*, 377 F. Supp. 3d 1337, 1345-46 (S.D. Fla. 2019) (remanding case because "[d]efendant is a Florida citizen and removal from Florida state court was clearly improper" and awarding fees because "removal was objectively unreasonable from the beginning").[3]

**C.      Mr. Andrews waived the right to remove.**

A defendant may waive the right to remove by "taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court."  *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting 14B Charles A. Wright et al.,

---

[2]Mr. Andrews was served at 7311 Annapolis Lane, Parkland, Florida 33067; the notice of removal lists his address as 4233 West Hillsboro Boulevard, Coconut Creek, Florida 33097; the guaranty identifies his address as 12104 NW 29th Street, Coral Springs, Florida 33065.  (Ex. B, Guaranty at 1.)  Each address Mr. Andrews has used is in Florida.

[3]The removal notice also fails to allege complete diversity. For purposes of diversity jurisdiction, an LLC's citizenship is determined by the citizenship of each of its members, not by its state of organization or principal place of business. See *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). If Mr. Andrews is the sole member of Nonce Key, LLC, then Nonce Key is a Florida citizen because Mr. Andrews admits he is a Florida citizen. At minimum, the notice fails to identify Nonce Key's member or members and their citizenships, which is insufficient to establish diversity.

*Federal Practice & Procedure* § 3721 (2003)).  Waiver based on active participation is determined case by case.  *Id.*  Two factors guide the analysis: whether the defendant's state-court actions showed an intent to litigate on the merits, and whether removal can be characterized as an appeal from an adverse state-court ruling.  *Fain v. Biltmore Sec., Inc.*, 166 F.R.D. 39, 40-41 (M.D. Ala. 1996); see also *Kozel v. Kozel*, No. 8:16-cv-1384-T-36TGW, 2016 WL 4163562, at *4 (M.D. Fla. Aug. 4, 2016).

Mr. Andrews tried to litigate the merits of this foreclosure in state court.  He answered and raised affirmative defenses.  (Ex. D.)  He then filed an amended answer, affirmative defenses, and counterclaim seeking damages and a jury trial.  (Ex. E.)  He moved to revive lapsed deadlines to serve belated discovery. (Ex. F.)  He also opposed PMG's motion for summary final judgment. (Ex. G.)  These filings sought merits relief and discretionary relief from expired state-court deadlines.  They were not limited to preserving the status quo or complying with a state pleading deadline.

*Kozel* confirms that this type of state-court litigation can waive removal.  There, the defendant filed a motion to quash service, a motion to strike, a motion to dismiss, requests for admissions, and a motion for a case management order before removing.  *Kozel*, 2016 WL 4163562, at *2, *5.  The court found waiver because the defendant engaged in substantial litigation after the case became removable, received an adverse ruling, and then removed. *Id.* at *5.

The timing of Mr. Andrews' removal confirms the second waiver factor.  The state court denied his motion for leave to propound discovery on April 3, 2026.  (Ex. F.)  He filed the notice of removal four days later, the day before the summary judgment hearing. (Ex. A; ECF No. 1.)  As in *Kozel*, removal followed substantial state-court litigation and an adverse

ruling.  Mr. Andrews should not be permitted to litigate in state court, lose a request for relief, and then remove on the eve of a dispositive hearing.

**D.    The rule of unanimity bars removal.**

Removal requires the consent of all properly joined and served defendants.  The unanimity rule, now codified at 28 U.S.C. § 1446(b)(2)(A), requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  The Eleventh Circuit has stated the same rule: "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

The unanimity requirement "must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003).  A notice of removal that fails to allege all defendants' consent contains "a substantive, rather than technical defect" that cannot be cured by amendment after the 30-day removal period expires. *Id*. at 1331-32.

Mr. Andrews' notice of removal contains no allegation that Nonce Key, Admiral's Port, or any other properly joined and served defendant consented to removal.  It also contains no allegation that Mr. Andrews made any effort to obtain their consent.  (ECF No. 1.)  That omission defeats removal.  See *Estate of Everett v. Under Armour, Inc.*, 653 F. Supp. 3d 1170, 1171 (M.D. Fla. 2023) (remanding where a co-defendant "never consented to removal in any form").

Admiral's Port has been a properly joined and served defendant since July 25, 2025. (Ex. C.)  Its default in the underlying foreclosure does not excuse the consent requirement. For a defaulted co-defendant, "the removing defendant must allege with specificity in its

6

petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent." *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1304 (N.D. Fla. 2004).   Mr. Andrews made no such allegation here.   (ECF No. 1.)   Admiral's Port's registered agent and service address appear in the return of service.   (Ex. C.)   Locating Admiral's Port required no diligence.

**E.      Fees are warranted because there was no objectively reasonable basis for removal.**

As discussed above, removal was improper for multiple reasons.   Section 1447(c) authorizes the Court to require the removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c).   "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Mr. Andrews had no objectively reasonable basis to remove.   The notice of removal was filed months after the 30-day deadline.   He filed it on the eve of the summary judgment hearing, after months of participating in the state-court foreclosure.   Mr. Andrews also removed based on diversity while admitting he is a Florida citizen. That defect alone supports a fee award. See *Bentley*, 377 F. Supp. 3d at 1346; *RBC Championship VB I, LLC v. Iconic Ventures, LLC*, No. 20-cv-80623, 2020 WL 13567932, at *1-2 (S.D. Fla. May 28, 2020) (finding fee entitlement where defendants violated the forum-defendant rule and lacked an objectively reasonable basis for removal).   The untimeliness of the removal independently supports a fee award. *Liebig*, 814 F. Supp. at 1077 (awarding fees where removal was both untimely and jurisdictionally improper, even though defendant "may have acted in good faith").

### III.    CONCLUSION

Mr. Andrews' notice of removal fails on several independent grounds, each visible from the notice of removal and the state court record.  Planet Management Group, LLC respectfully requests that this Court enter an order remanding this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. PMG further requests that this Court award PMG its attorney's fees and costs incurred in defending against the improper removal pursuant to 28 U.S.C. § 1447(c).

### IV.    LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for PMG, Eric Matthew and Gregory King, conferred with Mr. Andrews by email on April 7, 2026 and May 4, 2026 regarding the relief sought in this motion.  The parties were unable to resolve the issues raised by this motion.

ATLAS | SOLOMON, LLP
*Counsel for Plaintiff*

By: /s/ Gregory T. King
Eric S. Matthew, Esq.
Florida Bar No. 26539
Gregory T. King, Esq.
Florida Bar No. 54245
Dorothy Ann A. Dlugolecki, Esq.
Florida Bar No. 1022496
819 SW Federal Hwy, Ste 301
Stuart, FL 34994
Tel: (772) 247-0157
E-mail: servicemailbox@atlas-solomon.com
eric@atlas-solomon.com
gking@atlas-solomon.com
dorothy@atlas-solomon.com